1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7

8

KARRI STREET,

NO.  C14-853-TSZ-JPD

9

Plaintiff,

10

v.

REPORT AND
RECOMMENDATION

11

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

12

13

Defendant.

14          Plaintiff Karri Street appeals the final decision of the Commissioner of the Social

15  Security Administration ("Commissioner") which denied her application for Disability

16  Insurance Benefits ("DIB") under Titles II of the Social Security Act, 42 U.S.C. §§ 1381-83f,

17  after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below,

18  the Court recommends that the Commissioner's decision be reversed and remanded.

19                    I.          FACTS AND PROCEDURAL HISTORY

20          At the time of her alleged onset, plaintiff was a 49 year-old woman with a college

21  degree.  Administrative Record ("AR") at 60, 28.  Her past work experience includes

22  employment as a massage therapist.  AR at 28.  Plaintiff was last gainfully employed in 2011.

23  AR at 14.

24

REPORT AND RECOMMENDATION - 1

On December 6, 2011, plaintiff filed an application for DIB, alleging an onset date of September 1, 2011.  AR at 12.  Plaintiff asserts that she is disabled due to degenerative arthritis of the left shoulder status post rotator cuff repair.  AR at 14.

The Commissioner denied plaintiff's claim initially and on reconsideration.  AR at 12.  Plaintiff requested a hearing which took place on January 13, 2013.   AR at 24-48.  On February 21, 2013, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on his finding that plaintiff had no severe impairments.  AR at 12-19.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-4, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1.

## II.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a

whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.   EVALUATING DISABILITY

As the claimant, Ms. Street bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

REPORT AND RECOMMENDATION - 3

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V.     DECISION BELOW

On February 21, 2013, the ALJ issued a decision finding the following:

1.    The claimant meets the insured status requirements of the Social Security Act through March 31, 2016.

2.    The claimant has not engaged in substantial gainful activity since September 1, 2011, the alleged onset date.

3.    The claimant has the following medically determinable impairment: mild degenerative arthritis of the left shoulder status post rotator cuff repair.

4.    The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments.

5.    The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2011, through the date of this decision.

AR at 14-19.

## VI.     ISSUES ON APPEAL

The principal issues on appeal are:

1.    Whether the administrative law judge (ALJ) properly determined that Plaintiff, Karri Street's back, neck and hip conditions were not medically determinable impairments.

2.    Whether the ALJ correctly determined that Ms. Street did not have any severe impairments at step two of the sequential evaluation process.

REPORT AND RECOMMENDATION - 5

1       3.       Whether the ALJ correctly evaluated the testimonial evidence.

2       4.       Whether the ALJ correctly evaluated the medical opinion evidence.

3 Dkt. 10 at 1.

## VII.   DISCUSSION

One issue is dispositive of this appeal.  The ALJ erred at Step 2.  In what seems to be a rush to judgment, the ALJ completely bypassed the Step 2 analysis.  At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities.  *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c).  "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(b), 416.921(b).  "An impairment or combination of impairments can be found 'not severe' *only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'*"  *Smolen*, 80 F.3d at 1290 (quoting Social Security Ruling (SSR) 85-28) (emphasis added).  "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims."  *Id*. (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).

To reach the conclusion that plaintiff had no severe impairments, the ALJ rejected the opinions of State DDS physicians who opined that although plaintiff would not be disabled, she had severe impairments; ignored the findings of chiropractors treating plaintiff on the basis that they are not acceptable medical sources; ignored the testimony of plaintiff's husband, and instead, substituted his own medical opinion.  He then applied his own version of "judicial notice" to find plaintiff lacked credibility because she took a trip to Europe, and reasoned that surely she would have been able to stand in long lines without problems.[2]

---

[2] The plaintiff appeared before the ALJ at the administrative hearing, yet the ALJ chose to ask her no questions about whether she required accommodations on the trip.  This trip,

REPORT AND RECOMMENDATION - 6

The ALJ also ignored the fact that plaintiff has been a massage therapist for 17 years, and apparently liked her job.  In fact, she liked her job so much that she continued to attempt to perform her work as a therapist after her injury, using only one hand.  This attempt did not amount to "substantial gainful employment."  However, it was used to cast doubt on plaintiff's credibility.

The injury sustained by the plaintiff and the resulting pain and follow-up surgery had more than a "minimal effect" on plaintiff's ability to work.  Indeed, the combination of the two may very well preclude her current employment as normally performed.[3]

All of this, of course, does not mean that the plaintiff will be found disabled.  Indeed, it may be difficult to conclude at the end of the day that plaintiff, who has a college degree and may only be limited due to her shoulder and back, is unable to perform other representative jobs existing in significant numbers in the national economy.  Under the social security regulations, the fact that the plaintiff may not be able to resume her previous relevant work does not preclude an ultimate finding of "not disabled."  However, before making any such finding, the ALJ must follow the five step sequential process set out above.  The ALJ did not.

The ALJ erred at Step 2.  This matter should be remanded to the ALJ to conduct a complete *de novo* review.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

---

however, became a major basis for finding her less credible, again reflecting a rush to judgment by the ALJ.
[3] If the ALJ believes someone can perform as a massage therapist using only one arm, and do so consistently with the DOT, then the ALJ should call a VE to so indicate.

REPORT AND RECOMMENDATION - 7

1    Objections to this Report and Recommendation, if any, should be filed with the Clerk

2 and served upon all parties to this suit by no later than **March 12, 2015**.  Failure to file

3 objections within the specified time may affect your right to appeal.  Objections should be

4 noted for consideration on the District Judge's motion calendar for the third Friday after they

5 are filed.  Responses to objections may be filed within **fourteen (14)** days after service of

6 objections.  If no timely objections are filed, the matter will be ready for consideration by the

7 District Judge on **March 13, 2015**.

8    This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

9 seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

10 assigned District Judge acts on this Report and Recommendation.

11    DATED this 26th day of February, 2015.

12

13

14                          JAMES P. DONOHUE
                          United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 8